BRUMBERG v. LIPMAN et al.

(Supreme Court, Appellate Term. June 5, 1908.)

COSTS—TAXATION—ACTION IN CITY COURT.

Code Civ. Proc. § 3228, subd. 5, provides that in all actions brought in the City Court of Kings county, which could have been brought in the Municipal Court of the city of New York except for the amount claimed, and in which the defendant shall have been personally served with process within the city, plaintiff shall recover no costs or disbursements unless he shall recover $250 or more. Section 424 provides that a voluntary general appearance of the defendant is equivalent to personal service of the summons upon him. In an action for injuries to personal property, one of two defendants who were jointly liable was personally served with process within the city of New York. The other was a resident of the city and could have been so served, but he voluntarily appeared and joined in the same answer with the other defendant. Plaintiff recovered judgment for $180, and taxed a full bill of costs. *Held*, that a motion to vacate the taxation of costs was properly sustained.

Appeal from City Court of New York, Special Term.

Action by Fannie Brumberg against Max Lipman and another. From an order vacating the taxation of costs, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GE-RARD, JJ.

Parker & Aaron, for appellant.

Kantrowitz & Esberg, for respondents.

PER CURIAM. Plaintiff sued to recover $2,000 for injury to personal property through the negligence of defendants, who were joint owners of certain premises. Personal service of the summons was made on defendant Lipman in the borough of Manhattan, city of New York. The defendant Gold appeared in the action, without service of the summons being made on him, and joined with the other defendant in the same answer. Both defendants were and are residents of the borough of Manhattan. The action was tried, and a verdict rendered for $180 damages against both defendants. Plaintiff taxed a full bill of costs, over defendants' objection. The latter made a motion to vacate the taxation of costs, which motion was granted, and from the order entered thereon plaintiff appeals.

The cause of action was one over which the Municipal Court had jurisdiction. One of the defendants was personally served the process within the city of New York, and the other, who was jointly liable with the first, could have been so served, had he not voluntarily appeared in the action, since he was a resident of the city, so that, except for the amount claimed, the action could have been brought in the Municipal Court. It therefore follows that, as the plaintiff recovered less than $250 damages, she was not entitled to tax any costs or disbursements at all in the action, by reason of the provisions of section 3228, subd. 5, of the Code. The fact that one of the defendants was not personally served with process, but appeared voluntarily in the action, does not take this case out of the said statute; for, under section 424 of the Code, a voluntary appearance is equivalent to personal service.

There is no merit in the objections to the order, which must be affirmed, with $10 costs and disbursements.